IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>BRANDON T. WALKER,<br><br>    Defendant. | Case No. 3:19-CR-30160-NJR-1 |

## ORDER REDUCING SENTENCE

**ROSENSTENGEL, Chief Judge:**

Now before the Court is Defendant Brandon T. Walker's Motion for Reduced Sentence Pursuant to 18 U.S.C. § 3582(c)(2). (Doc. 75). Walker seeks a reduction in sentence from 78 months' imprisonment to 46 months' imprisonment pursuant to 18 U.S.C. § 3582(c) and Part A of Amendment 821 to the United States Sentencing Guidelines ("U.S.S.G."). (*Id.*). The Government does not oppose a sentence reduction, but it suggests that a reduction to 62 months' imprisonment is appropriate in this case. (Doc. 76). In reply, Walker maintains that a reduction to 46 months is warranted. (Doc. 78).

In Part A of Amendment 821, the Sentencing Commission altered the "status points" provision regarding criminal history, which now appears in U.S.S.G. § 4A1.1(e). Under the amended provision, a defendant who has 7 or more criminal history points and who committed the offense of conviction while under any criminal justice sentence receives 1 status point. A defendant who has 6 or less criminal history points and who committed the offense of conviction while under any criminal justice sentence receives no status points. The changes apply retroactively, though a court may not order the release of a defendant to occur

before February 1, 2024. *See* § 1B1.10(e)(2) (Nov. 1, 2023).

Here, with the addition of two status points, Walker's total criminal history score at sentencing was 8 and his criminal history category was IV. (*See* Doc. 42). Based upon a total offense level of 19 and a criminal history category of IV, the guideline sentencing range was between 46 and 57 months. (*Id.*). At sentencing, however, the Court varied upward and imposed a 78-month sentence—approximately 36% above the high-end of the guideline range. (Doc. 52). In doing so, the Court considered that Walker's criminal history was far more serious that what was reflected by the guideline range, that he repeatedly committed new offenses while serving terms of supervised release, and that nothing seemed to deter Walker from committing additional crimes. Ultimately, the undersigned varied upward because application of the guidelines did not result in a total advisory range sufficient to satisfy the sentencing factors under 18 U.S.C. §3553(a). Instead of applying a criminal history category of IV, the Court found that the range provided by a criminal history category of VI—63 to 78 months—was more appropriate. The Court then sentenced Walker to the high end of that range.

Now, under Amendment 821, Walker would receive no status points, reducing his criminal history points to 6 and his criminal history category to III, resulting in a lower advisory guideline range of 37 to 46 months. Thus, Walker asks the Court to reduce his sentence to a high-end guideline sentence of 46 months. While the Government agrees that Walker is eligible for relief, it asserts that a sentence of 62 months—an upward variance of 36% from the high end of the new guideline range—is appropriate.

In reply, Walker argues that the Sentencing Commission enacted Amendment 821 because it found that being under a criminal justice sentence during the commission of a new

offense did not justify the addition of status points. Thus, a defendant's "status" at the time of an offense should be less of a factor when determining a sentence. And Walker's "status" as being on supervised release at the time of the instant offense was a significant factor considered by the Court in varying upward.

While the Court understands Walker's argument, it agrees with the Government that a reduction to 62 months' imprisonment is appropriate in this case. Walker did not just commit this offense while on supervised release, he *repeatedly* committed new offenses while serving terms of supervision. When considering this factor, along with Walker's substantial criminal history, the policy statement set forth at U.S.S.G. § 1B1.10, and the sentencing factors set forth in 18 U.S.C. § 3553(a), the Court finds that a reduced sentence of 62 months is sufficient, but not greater than necessary, to meet the sentencing objectives.

For these reasons, the Court **GRANTS in part and DENIES in part** Walker's Motion for Reduced Sentence Pursuant to 18 U.S.C. § 3582(c)(2). The Court **ORDERS** that Walker's sentence be reduced to a term of **62 months**. All other terms of the judgment in this case shall remain unchanged. This Order shall take effect on **February 1, 2024.**

**IT IS SO ORDERED.**

DATED:  January 12, 2024

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**